March 22, 1909.

No. 4684.

————o————

(Court of Appeal, Parish of Orleans.)

## SUCCESSION OF F. A. ZUFFLE.

1. The amendment of 1906 of Act 153 of 1900 in reference to the settlement of successions under $500 allows the oath as to the valuation of the property to be, not as in the original act a rigid and absolute one, but one merely to the best of applicant's knowledge and belief.
2. Where as in this case, the applicant acted honestly and, after full investigation, took the oath required by law, the fact that the property was subsequently sold for more than $500 will not affect the validity of the proceedings.

Appeal from 28th Judicial District Court, Parish of Jefferson.

C. L. Johnson, Attorney for Adjudicatee.

John E. Fleury, Attorney for Succession.

DUFOUR, J. Frederick A. Zuffle died intestate, leaving an undivided one-third interest in certain real estate in the Parish of Jefferson; his wife opened his succession under Act 153 of 1900, as amended by Act 70 of 1906.

The property was sold by order of court and the adjudicatees refused to take title on the ground that, as the property sold for $760, said price of sale fixes the value.

It is hence claimed by appellant that the proceedings could not legally have been had under the provisions of statutes for the "speedy and economical settlement of successions possessing not over $500 worth of property."

The case is presented on the following statement of facts:
"It is agreed by counsel for both plaintiff and defendants

—257—

that, previous to the opening of this succession, in order to be able to arrive at a just and honest appraisement of the property belonging to this succession, the widow of the deceased called upon three disinterested citizens and business men residing in the Parish of Jefferson who were acquainted with the locality and surroundings of the property.

That these parties met together and were (for the purpose of arriving at an honest appraisement) given the date and considerations of the sale of the whole of said property when the same was originally acquired by the father and mother of deceased some years ago.

That they were also given the dates and the considerations of the sales of the interest of the brothers and sisters of the deceased, made to the deceased and the adjudicatees within the past six years, and also the dates and considerations of sales of property adjoining the property of this estate which were made within the past year, and finally the assessment of the whole property in the year 1908, as the same appears on the assessment roll of the Parish of Jefferson and which is fixed at $250.

That these parties met together and after taking the above facts into consideration fixed the value of the property at the sum of $1,200, thereby fixing the value of the one-third interest of the deceased at the sum of $400.

That the widow thereupon applied to be appointed administratrix of this succession under Act 153 of 1900 and swore to the valuation and description of said property as required by law, and fixed the value of said one-third interest at the sum of $450, which was her own appraisement to the best of her knowledge and belief, and the movables at the sum of $50, making a total of $500.

That the appraisement as placed on said property was honestly placed thereon by the widow, and not for the purpose of undervaluing said property in order to avoid court costs. That on the date of the sale of the deceased's one-third interest in the property herein, there were only two bidders at said sale, namely, the adjudicatees who bid $760 and purchased the said one-third interest and who were the owners of the other two-thirds interest, and secondly the owner of land

adjoining the property herein sold, who bid $750.''

Section 2 of the Act of 1900 required that there should be annexed to the petition for administration ''a description of the property belonging to the said succession with the valuation of each item thereof; this petition, description and valuation of property shall be sworn to by the person applying for the administration.''

The amendment of 1906 appears to us as intended to meet just such objections as are now herein made, by allowing the oath as to the valuation of the property to be, not, as formerly, an absolute and rigid one, but one merely ''to the best of said applicant's knowledge and belief.''

Where, as in the present instance, the applicant acted honestly and after full investigation, took the oath required by law, we do not consider the fact that the property sold for more that $500 sufficient to affect the validity of the proceedings.

The bidders, by reason respectively of either their two-thirds' undivided ownership, or the ownership of the adjoining property, might well be willing to pay something more than the actual value, in order to ultimately secure control of the whole.

It is a difficult task to accurately ascertain the price which property is likely to bring at public sale; the law prevents a sale for less than two-thirds of the appraisement, but does not object to a sale for more than such appraisement.

Section 3 of the original Act offers safeguards by requiring posting and publication of the valuation and by allowing opposition to be made thereto within a given delay.

It further provides ''that in case the heirs or creditors shall at any time find other property belonging to the estate the homologation of such description and valuation shall in no way deprive them of the same.''

Should, at any time, the privilege granted by the statute be abused, the courts may be trusted to enforce the letter and the spirit of the law, so as to afford protection to all parties in interest.

The ''speedy and economical administration of small estates'' would become impossible and the purpose of the statute would be defeated, were the rigid rule adopted that any excess

over $500, in the price of sale invalidates the proceedings.

Every case of this character must be judged according to the facts it presents.

The district judge ordered compliance with the adjudication.

Judgment affirmed.